AGUSTÍN HERNÁNDEZ-MENA, Plaintiff and Appellant, *v.* BERNARDO LECUMBERRI, Defendant and Appellee.

·No. 3837. Argued March 2, 1926.—Decided July 8, 1926.

*Angel Arroyo* for the appellant.   *Monserrat & Monserrat* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The judgment appealed from herein was rendered on the pleadings. The complaint is lengthy and obscure. It was demurred to for lack of facts sufficient to constitute a cause ·of action. The demurrer was sustained and the ruling was then converted into a judgment.

After unraveling the facts it appears that Hernández Mena, the plaintiff, owned a lot containing a house and some other structures in Santurce; that the house and lot were sold to defendant Lecumberri at public auction in a suit for the recovery of money brought against this plaintiff; that Lecumberri brought an action of unlawful detainer against Ruperto Fuentes, who was in possession of the property; that Hernández Mena moved for leave to intervene in the action of unlawful detainer and his motion was overruled, and that he alleges that he has been unjustly deprived of his property, suffering damages which he fixes at $5,000.

The grounds of the judgment appealed from were that the plaintiff had no right of action for the nullity of the action of unlawful detainer to which he was not a party and in which he was not allowed to intervene, the judgment rendered affecting him in no way; that it is alleged in the same complaint that the property in question belongs to Lecumberri by title acquired from the plaintiff himself, and that an action for damages did not lie, inasmuch as in any case it would correspond to the owner, who was Lecumberri.

The appellant's brief does not contain a separate assignment of errors and is as unintelligible as the complaint. However, we have read it carefully and have concluded that it does not show error in the conclusions of the court based on the ultimate allegations of the complaint after the un-

certain, contradictory and unintelligible averments had been omitted.

The judgment appealed from should be affirmed.